**Jon M. Egan**, OSB 002467
Jegan@eganlegalteam.com
Jon M. Egan, PC
547 Fifth Street
Lake Oswego, OR 97034-3009
Tel: (503) 697-3427
Fax: (866) 311-5629
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **OLIVER COFFEY**, <br><br>            Plaintiff, <br><br>    vs. <br><br> **MITSUYOSHI INOHARA** and **ICHIRO MACHIDA**, individuals, and **MARINEPOLIS U.S.A., INC.**, a Delaware corporation, <br><br>            Defendants. | Case No. 3:20-cv-00643-JR <br><br> Joint motion for final approval of class and collective settlement |

Counsel for the parties have conferred regarding the subject of this motion and have agreed to jointly submit this motion.

## MOTION

The parties to this action jointly move for an Order finally approving the settlement agreement as fair, reasonable, and adequate. This motion is supported by the Declaration of Jon M. Egan submitted herewith. Plaintiff and his counsel also submit contemporaneously herewith their motion for the award of attorney fees, costs, and service payment.

## MEMORANDUM

This memorandum will list the standards for final class settlement approval and then

**Joint Motion for final approval of class and collective settlement**     Page 1

discuss the application to this case.

## STANDARDS

Under Rule 23(e) of the Federal Rules of Civil Procedure, "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." "The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008). Thus, to approve a class action settlement, a court must find that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(3); *Lane v. Facebook, Inc.*, 696 F.3d 811, 818 (9th Cir. 2012).

The settlement must be considered as a whole, and although there are "strict procedural requirements on the approval of a class settlement, a district court's only role in reviewing the substance of that settlement is to ensure it is 'fair, adequate, and free from collusion.' " *Lane*, 696 F.3d at 818–19 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). There are a number of factors guiding this review, including: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Id.* at 819. Courts within the Ninth Circuit "put a good deal of stock in the product of an arms-length [*sic*], non-collusive, negotiated resolution." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009).

Class action settlements involve "unique due process concerns for absent class members who are bound by the court's judgments." *Radcliffe v. Experian Info. Solutions Inc.*, 715 F.3d 1157, 1168 (9th Cir. 2013) (quotation marks and citation omitted). When the

parties negotiate the settlement agreement before formal class certification, as in this case, the court should engage in "an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under Rule 23(e)." *Id.* (quotation marks and citation omitted). This more "exacting review" is warranted "to ensure that class representatives and their counsel do not secure a disproportionate benefit at the expense of the unnamed plaintiffs who class counsel had a duty to represent." *Lane*, 696 F.3d at 819.

The Ninth Circuit has recognized, however, that "[j]udicial review also takes place in the shadow of the reality that rejection of a settlement creates not only delay but also a state of uncertainty on all sides, with whatever gains were potentially achieved for the putative class put at risk." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). Thus, there is a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556 (9th Cir. 2019) (en banc). (quoting *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015)).

## DISCUSSION

### A.  Notice to the Class

The Court granted preliminary approval to the parties' proposed notice procedure. *See* Dkt. 15. Plaintiff's counsel carried out that procedure. Declaration of Jon M. Egan at ¶ 3. Notice of the settlement was given to the settlement class by the best means practicable under the circumstances, including mailing and emailing the Notice to Class Members.

The Notice provided Class Members with all required information including, among other things: (1) a summary of the Action and the claims asserted; (2) a clear definition of the Settlement Class; (3) a description of the material terms of the settlement; (4) the fact that no affirmative action was needed to receive the benefit of class membership, but notice that Class Members could opt out of the Settlement Class, as well as notice of the

**Joint Motion for final approval of class and collective settlement**        Page 3

claim/opt-in procedure for FLSA participation; (5) an explanation of Class Members' opt-out and claim/opt-in rights, the date by which Class Members must opt out or submit claims/opt-ins, and information about how to do so; (6) explaining the release of claims should Class Members choose to remain in the Settlement Class and/or make a claim/opt-in; (7) instructions about how to object to the settlement and the deadline for Class Members to submit any objections; (8) instructions about how to object to the requested attorney's fees, expenses, and service awards and the deadline for Class Members to submit any objections; (9) the date, time, and location of the final approval hearing; (10) the internet address for plaintiff's counsel and the telephone number from which Class Members could obtain more information on the settlement; (11) contact information for plaintiff's counsel and the Court; and (12) information about how Lead Counsel and the Class Representative would be compensated. The notice is sufficient. *See Lane v. Facebook, Inc.*, 696 F.3d 811, 826 (9th Cir. 2012) (reaffirming that a class notice need only "generally describe[ ] the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard" (alteration in original) (quoting *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009)).

## B.  Final Certification of Rule 23 class

To certify a settlement class, the requirements of Rule 23 of the Federal Rules of Civil Procedure must be satisfied. *See Hanlon*, 150 F.3d at 1019. Under Rule 23, the plaintiff "must be prepared to prove" that each of the requirements of the Rule is satisfied. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Rule 23 sets forth more than a "mere pleading standard." *Id.* On the other hand, Rule 23 provides district courts with broader discretion to certify a class than to deny certification. *See Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 956 (9th Cir. 2013).

A party seeking class certification must satisfy each of the requirements of Rule 23(a)

and at least one requirement of Rule 23(b). *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 542 (9th Cir. 2013). Under Rule 23(a), a district court may certify a class only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). In other words, a proposed class must meet the requirements of numerosity, commonality, typicality, and adequacy of representation. *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012). Rule 23 also requires, implicitly, that the members of the proposed class be ascertainable based on objective criteria. *Ott v. Mortg. Inv'rs Corp. of Ohio, Inc.*, 65 F. Supp. 3d 1046, 1064 (D. Or. 2014). Along with the five requirements of Rule 23(a), the party seeking to maintain a class action also must "satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013).

The Rule 23 analysis is "rigorous" and may "entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart*, 564 U.S. at 351 (quotation marks omitted); *Comcast Corp.*, 569 U.S. at 33-34. This "rigorous" review applies even when certification is for settlement purposes only. *See, e.g., In re Hyundai*, 926 F.3d at 556. Still, Rule 23 "grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 466 (2013). "Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id.* A district court, however, "*must* consider the merits if they overlap with the Rule 23(a) requirements." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (emphasis in original).

**Joint Motion for final approval of class and collective settlement**     Page 5

The parties agreed to certification of the class for settlement purposes, and the Court previously agreed that the class met the requisite factors in conditionally certifying the class for settlement purposes in the preliminary approval of the settlement. The Court, however, must now conduct a "rigorous" analysis of the factors.

## 1. Rule 23(a)

The requirements of FRCP 23(a) are met.

### a. Numerosity

In this district, there is a "rough rule of thumb" that 40 class members is sufficient to meet the numerosity requirement. *Giles v. St. Charles Health Sys., Inc.*, 294 F.R.D. 585, 590 (D. Or. 2013); *see also Wilcox Dev. Co. v. First Interstate Bank of Or., N.A.*, 97 F.R.D. 440, 443 (D. Or. 1983) (same); 1 *McLaughlin on Class Actions* § 4:5 (15th ed.) ("The rule of thumb adopted by most courts is that proposed classes in excess of 40 generally satisfy the numerosity requirement."). Plaintiff's counsel sent notices to the 66 potential Class Members, as identified through defendants' employment records. Declaration of Jon M. Egan at ¶ 3. This shows that the numerosity requirement is met.

### b. Commonality

To satisfy the commonality requirement, a plaintiff must show that the class members suffered the "same injury"—that their claims depend upon a "common contention." *Wal-Mart*, 564 U.S. at 350 (quotation marks omitted). "That common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* Class members, however, need not have *every* issue in common: commonality requires only "a single significant question of law or fact" in common. *Mazza*, 666 F.3d at 589; *see also Wal-Mart*, 564 U.S. at 359. The Class Members have these significant issues of law and fact in common, including:

**Joint Motion for final approval of class and collective settlement**    Page 6

1. whether the Class/Collective Members' FICA overdeduction claims are viable given the parties' competing interpretations of certain statutes and regulations;

2. whether and to what extent an employer exercising authority to collect tips and distribute them according to its own discretion constitutes conversion or other legally actionable taking;

3. whether the Class/Collective Members have claims in common;

4. whether the Class Representative has claims that are typical of those of the putative Class/Collective Members;

5. whether common questions of fact and law predominate over individualized inquiries;

6. whether the Class Representative or any of the putative Class/Collective Members have interests that are antagonistic to one another;

7. whether MARINEPOLIS has other defenses to the application of wage and hour or common laws;

8. whether any class or collective action would ultimately be certified for trial;

9. whether MARINEPOLIS's actions were willful;

10. the computation of the amount of alleged damages; and

11. whether attorney fees are to be awarded to the Class Representative and the putative Class/Collective Members if they prevail;

Thus, the commonality requirement is satisfied.

### c. Typicality

To meet the typicality requirement, a plaintiff must show that the named parties' claims or defenses are typical of the claims or defenses of the class. Fed. R. Civ. P. 23(a)(3). Under the "permissive standards" of Rule 23(a)(3), the "representative's claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need

not be substantially identical." *Hanlon*, 150 F.3d at 1020. "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). To determine whether claims and defenses are typical, courts look to "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Id.* (quotation marks omitted); *see also Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010). The lead plaintiff's claims are based on the same conduct as the claims of the Settlement Class, and all Class Members have the same or similar injury. Thus, lead plaintiff presents claims that are typical of the claims held by each Class Member.

### d. Adequacy

Rule 23(a)(4) states that before a class can be certified, a court must find that "the representative parties will fairly and adequately protect the interests of the class." This requirement turns on two questions: (1) whether "the named plaintiffs and their counsel have any conflicts of interest with other class members"; and (2) whether "the named plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class." *Hanlon*, 150 F.3d at 1020. The adequacy requirement is based on principles of constitutional due process; accordingly, a court cannot bind absent class members if class representation is inadequate. *Hansberry v. Lee*, 311 U.S. 32, 42–43 (1940); *Hanlon*, 150 F.3d at 1020.

Lead plaintiff has shown that he understands and accepts his responsibility as a Class Representative. Lead plaintiff has not demonstrated interests that are adverse to the Class Members. There is no conflict of interest in this action, and there is no disagreement between plaintiff's interests and those of the Class Members. Additionally, Class Counsel

and lead plaintiff have vigorously prosecuted this action for over a year.

### e. Ascertainability

Ascertainability, although "not expressly required" by Rule 23, is a threshold requirement for class certification. *Ott*, 65 F. Supp. 3d at 1064. A proposed class must be "precise, objective, [and] presently ascertainable." *See Williams v. Oberon Media, Inc.*, 468 F. App'x 768, 770 (9th Cir. 2012) (alteration added) (quotation marks omitted). Class members must be identifiable through "a manageable process that does not require much, if any, individual factual inquiry." *Lilly v. Jamba Juice Co.*, 308 F.R.D. 231, 237 (N.D. Cal. 2014) (quoting William B. Rubenstein, 1 *Newberg on Class Actions* § 3:3 (5th ed.)). This requirement does not entail, however, that "*every* potential member ... be identified at the commencement of the action." *Id.* (quotation marks omitted) (emphasis added). The Class Members here were identifiable from defendants' employment records, and thus this requirement is met.

### 2. Rule 23(b)(3)

Rule 23(b)(3) requires a court to find that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." This analysis, in accord with Rule 23's "principal purpose" of "promot[ing] efficiency and economy of litigation," inquires into "the relationship between the common and individual issues in the case, and tests whether the proposed class is sufficiently cohesive to warrant adjudication by representation." *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 963–64 (9th Cir. 2013) (quotation marks omitted). The focus of this inquiry, however, is on "*questions* common to the class"—plaintiff need not, at this threshold, "prove that the predominating question[s] will be answered in their favor." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 459, 468 (2013) (emphasis in original).

**Joint Motion for final approval of class and collective settlement**    Page 9

The only individualized issues in this case are those of damages, which do not defeat certification. The common issues predominate here.

Regarding superiority, the purpose of Rule 23(b)(3) is "to allow integration of numerous small individual claims into a single powerful unit." *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 722 (9th Cir. 2010). Here, plaintiff's counsel sent out notices to 66 class members, showing that there are many class members who have low-value claims. Although they may be entitled to attorney's fees and costs if they prevail in an individual lawsuit, the individual claims likely are too small to justify the cost and effort of private counsel to file and prosecute individual actions. Allowing this action to proceed as a class action is the superior method of adjudicating the controversy given the number of class members and amount of damages at issue for each class member. *In re Hot Topic, Inc. Sec. Litig.*, 2014 WL 12462472, at *6 (C.D. Cal. Nov. 3, 2014).

## C.  Settlement Agreement

The Court considers the factors enumerated by the Ninth Circuit as relevant in evaluating whether a settlement agreement is fair, reasonable, and adequate.

## 1.  Strength of Plaintiff's case and the risk, expense, complexity, and likely duration of further litigation and maintaining class action status through trial

Several aspects of plaintiff's claims and defendants' defenses remain open questions of fact or law. Although plaintiff is confident of the strength of his case, he acknowledges that there are non-frivolous potential defenses to his claims.

The central consideration for this factor is usually the expense of litigation. *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004). Generally, "unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Id.*

The parties agree that if this case had not settled, they would have had to engage in

significant additional discovery and to file motions for conditional certification of the FLSA

Class, certification of the Rule 23 Class, likely cross-motions on summary judgment, and

defendants' presumptive motions to decertify the FLSA and Rule 23 classes. These

litigation steps would have been expensive, complex, and protracted. The settlement

avoids these expenditures of resources for all parties and the Court and provides

Settlement Class Members with "certain and prompt relief," a "significant benefit that

[they] would not receive if the case proceeded." *See Barbosa v. Cargill Meat Sols. Corp.*,

297 F.R.D. 431, 446 (E.D. Cal. 2013). That is all the more true in today's uncertain climate

related to COVID-19 and its ongoing effects on the economy, particularly on restaurants

such as that operated by defendants. This factor weights in favor of approval.

## 2.  The amount offered in settlement

In considering the potential fairness of the recovery, courts often compare the total

amount of recovery in a settlement to the estimated total amount of damages that the

plaintiffs could recover if the case was litigated. *See, e.g., In Re Mego Fin. Corp.*, 213 F.3d

454, 459 (9th Cir. 2000). Nonetheless, "[i]t is well-settled law that a cash settlement

amounting to only a fraction of the potential recovery does not per se render the

settlement inadequate or unfair." *Id.* (quoting *Officers for Justice v. Civil Serv. Comm'n*,

688 F.2d 615, 628 (9th Cir. 1982).

The Settlement Agreement provides for a Settlement Fund of $75,000. This figure

represents a substantial portion of the potential damages available to the class and

collective according to the facts alleged and plaintiff's counsel's calculations. This fund will

pay the costs of recovery to Class Members, attorney's fees and costs, and the costs to

administer the Settlement, including giving notice to Class Members, printing and

distributing checks, and printing and distributing 1099s following the tax year of the

payments. After initial distribution as described in the settlement agreement, any monies

remaining shall be redistributed to the Northwest Workers' Justice Project, a 501(c)(3) nonprofit organization dedicated to education and enforcement of worker rights. No funds will revert to defendants.

To date, no objections have been raised challenging the sufficiency of the amount offered in settlement. Considering the total recovery of the Settlement and the risks of continued litigation, the amount of recovery is fair, adequate, and reasonable.

### 3. The extent of discovery completed and the stage of the proceedings

This factor is concerned with whether "the parties have sufficient information to make an informed decision about settlement." *In re Mego Fin. Corp.*, 213 F.3d 454, 459 (9th Cir. 2000). The parties in this case engaged in significant but not complete discovery, including informal written discovery. The parties "carefully investigated the claims before reaching a resolution." *Ontiveros v. Zamora*, 303 F.R.D. 356, 371 (E.D. Cal. Oct. 8, 2014). This factor, therefore, supports approval.

### 4. The experience and views of counsel

" 'Great weight' is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) (quoting *In re Painewebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 125 (S.D.N.Y. 1997)). "This is because 'parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation.' " *Id.* (alteration omitted) (quoting *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995)). Absent fraud or collusion, courts can, "and should, rely upon the judgment of experienced counsel for the parties," when assessing a settlement's fairness and reasonableness. *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 447 (E.D. Cal. 2013). Lead counsel is an experienced litigator. Defendants are also represented by experienced counsel. This factor supports approval.

## 5. Presence of a Government Participant

This case is not large enough to meet the requirements for CAFA jurisdiction or its requirement of notification of state attorneys general.

## 6. Reaction of the Settlement Class

Of the 66 class members to whom notice was sent, none opted out, and to date, no one has objected to the settlement. Eighteen of the 66 class members submitted complete claims/opt-ins [1] , which is 27% of the class pool. The participation rate and payout, along with the lack of any objections to the settlement, provides a strong presumption that the settlement is fair, reasonable, and adequate. *See, e.g., DIRECTV*, 221 F.R.D. at 529 ("The absence of a single objection to the proposed Settlement provides further support for final approval of the Proposed Settlement."); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ("By any standard, the lack of objection of the Class Members favors approval of the Settlement."). Thus, this factor weighs in favor of approval.

## 7. The absence of collusion or other conflicts of interest

Courts considering a pre–class certification settlement must examine whether the settlement was the "result of good faith, arm's-length negotiations or the result of fraud and collusion." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 258 (N.D. Cal. 2015). The Ninth Circuit has identified three signs of collusion: (1) class counsel receives a disproportionate distribution of the settlement, or when the class receives no monetary distribution but counsel is amply awarded; (2) the parties negotiate a "clear sailing" arrangement providing for the payment of attorneys' fees separate and apart from class funds without objection by a defendant; or (3) the parties arrange for payments not awarded to revert to a defendants rather than to be added to the class fund. *In re Bluetooth*

---

[1] Seventeen non-named plaintiffs claimed/opted in; the named plaintiff is deemed to have claimed/opted in per the language of the settlement agreement.

*Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011).

The Settlement is the product of extensive arm's-length negotiations. Defendants have continued to dispute the claims against them and the Action was litigated before the parties reached their proposed Settlement. Moreover, none of the three "subtle" signs of collusion are present here. The Settlement Class is to receive significant monetary benefits that are not disproportionately low compared to the requested attorney's fee award, and the payment of attorney's fees is not separate from class funds. The settlement agreement contains a provision that defendants will not object to plaintiff's fee petition if it seeks the Ninth Circuit–standard 25% of the settlement fund. All settlement funds will be disbursed; no funds will revert to defendants. All residual funds go to a nonprofit as a cy pres distribution.

## D. Conclusion

For the reasons set forth above, the parties jointly move for an Order finally approving the settlement agreement as fair, reasonable, and adequate.

Respectfully Submitted by:                          JON M. EGAN, PC

                                                                        *s/ Jon M. Egan*
DATED:  December 3, 2020                 By_____
                                                                   Jon M. Egan, OSB No. 002467
                                                                   jegan@eganlegalteam.com
                                                                   Attorney for Plaintiff

                                                                BARRAN LIEBMAN LLP

                                                                     *s/ Andrew M. Schpak*
DATED:  December 3, 2020                 By_____
                                                                   Andrew M. Schpak, OSB No. 044080
                                                                   ASchpak@barran.com
                                                                   Attorneys for Defendants

**Joint Motion for final approval of class and collective settlement**    Page 14

## COFFEY V. MARINEPOLIS OPT-IN FORM

BY COMPLETING AND SIGNING THIS FORM, I AM OPTING INTO THE FLSA COLLECTIVE
ACTION PORTION OF THIS LAWSUIT.

NAME: Alex Seechao

YEAR OF BIRTH: 2000

LAST FOUR DIGITS OF SOCIAL SECURITY NUMBER: 7292

SIGNATURE:

THIS FORM MUST BE SUBMITTED BY US MAIL, FAX, OR EMAIL BY NOVEMBER 30, 2020.

### CLASS COUNSEL CONTACT INFORMATION

JON M. EGAN, PC
547 Fifth Street
Lake Oswego, OR  97034-3009
Fax: (866) 311-5629
Email: info@eganlegalteam.com

BY COMPLETING AND SIGNING THIS FORM, I AM OPTING INTO THE FLSA COLLECTIVE ACTION PORTION OF THIS LAWSUIT.

NAME:____ALEX   YIP_____

YEAR OF BIRTH:_____▓▓▓▓▓▓▓▓▓▓__90_____

LAST FOUR DIGITS OF SOCIAL SECURITY NUMBER:__4623_____

SIGNATURE:___Alex   Yip_____

THIS FORM MUST BE SUBMITTED BY US MAIL, FAX, OR EMAIL BY NOVEMBER 30, 2020.

**CLASS COUNSEL CONTACT INFORMATION**

JON M. EGAN, PC
547 Fifth Street
Lake Oswego, OR  97034-3009
Fax: (866) 311-5629
Email: info@eganlegalteam.com

## COFFEY V. MARINEPOLIS OPT-IN FORM

BY COMPLETING AND SIGNING THIS FORM, I AM OPTING INTO THE FLSA COLLECTIVE ACTION PORTION OF THIS LAWSUIT.

NAME: _Alexander Dickinson_

YEAR OF BIRTH: ████████ / _1997_

LAST FOUR DIGITS OF SOCIAL SECURITY NUMBER: _8565_

SIGNATURE: _Alexander Dickinson_

THIS FORM MUST BE SUBMITTED BY US MAIL, FAX, OR EMAIL BY NOVEMBER 30, 2020.

### CLASS COUNSEL CONTACT INFORMATION

JON M. EGAN, PC
547 Fifth Street
Lake Oswego, OR 97034-3009
Fax: (866) 311-5629
Email: info@eganlegalteam.com

**COFFEY V. MARINEPOLIS OPT-IN FORM**

BY COMPLETING AND SIGNING THIS FORM, I AM OPTING INTO THE FLSA COLLECTIVE ACTION PORTION OF THIS LAWSUIT.

NAME:_____BRENDA CONTRERAS_____

YEAR OF BIRTH: ___████████_____

LAST FOUR DIGITS OF SOCIAL SECURITY NUMBER:_____3962_____

SIGNATURE:_____

THIS FORM MUST BE SUBMITTED BY US MAIL, FAX, OR EMAIL BY NOVEMBER 30, 2020.

**CLASS COUNSEL CONTACT INFORMATION**

JON M. EGAN, PC
547 Fifth Street
Lake Oswego, OR  97034-3009
Fax: (866) 311-5629
Email: info@eganlegalteam.com

**COFFEY V. MARINEPOLIS OPT-IN FORM**

BY COMPLETING AND SIGNING THIS FORM, I AM OPTING INTO THE FLSA COLLECTIVE ACTION PORTION OF THIS LAWSUIT.

NAME: _Brody Young_

YEAR OF BIRTH: ███ _1999_

LAST FOUR DIGITS OF SOCIAL SECURITY NUMBER: _5941_

SIGNATURE: _[signature]_

THIS FORM MUST BE SUBMITTED BY US MAIL, FAX, OR EMAIL BY NOVEMBER 30, 2020.

**CLASS COUNSEL CONTACT INFORMATION**

JON M. EGAN, PC
547 Fifth Street
Lake Oswego, OR  97034-3009
Fax: (866) 311-5629
Email: info@eganlegalteam.com

## COFFEY V. MARINEPOLIS OPT-IN FORM

BY COMPLETING AND SIGNING THIS FORM, I AM OPTING INTO THE FLSA COLLECTIVE ACTION PORTION OF THIS LAWSUIT.

NAME: David Andres Cabanzo Rodriguez

YEAR OF BIRTH: ▮▮▮▮/1992

LAST FOUR DIGITS OF SOCIAL SECURITY NUMBER: 9718

SIGNATURE:

THIS FORM MUST BE SUBMITTED BY US MAIL, FAX, OR EMAIL BY NOVEMBER 30, 2020.

CLASS COUNSEL CONTACT INFORMATION

JON M. EGAN, PC
547 Fifth Street
Lake Oswego, OR 97034-3009
Fax: (866) 311-5629
Email: info@eganlegalteam.com

## COFFEY V. MARINEPOLIS OPT-IN FORM

BY COMPLETING AND SIGNING THIS FORM, I AM OPTING INTO THE FLSA COLLECTIVE ACTION PORTION OF THIS LAWSUIT.

NAME: **Donny Johansen**

YEAR OF BIRTH: **1978**

LAST FOUR DIGITS OF SOCIAL SECURITY NUMBER: **3545**

SIGNATURE:

THIS FORM MUST BE SUBMITTED BY US MAIL, FAX, OR EMAIL BY NOVEMBER 30, 2020.

### CLASS COUNSEL CONTACT INFORMATION

JON M. EGAN, PC
547 Fifth Street
Lake Oswego, OR  97034-3009
Fax: (866) 311-5629
Email: info@eganlegalteam.com

**COFFEY V. MARINEPOLIS OPT-IN FORM**

BY COMPLETING AND SIGNING THIS FORM, I AM OPTING INTO THE FLSA COLLECTIVE
ACTION PORTION OF THIS LAWSUIT.

NAME: _Drexel Ferguson_

YEAR OF BIRTH: _1973_

LAST FOUR DIGITS OF SOCIAL SECURITY NUMBER: _3790_

SIGNATURE: _Drexel Ferguson_

THIS FORM MUST BE SUBMITTED BY US MAIL, FAX, OR EMAIL BY NOVEMBER 30, 2020.

**CLASS COUNSEL CONTACT INFORMATION**

JON M. EGAN, PC
547 Fifth Street
Lake Oswego, OR 97034-3009
Fax: (866) 311-5629
Email: info@eganlegalteam.com

## COFFEY V. MARINEPOLIS OPT-IN FORM

BY COMPLETING AND SIGNING THIS FORM, I AM OPTING INTO THE FLSA COLLECTIVE ACTION PORTION OF THIS LAWSUIT.

NAME: Frances Putnam

YEAR OF BIRTH: 1997

LAST FOUR DIGITS OF SOCIAL SECURITY NUMBER: 1765

SIGNATURE: _____    10/21/20

THIS FORM MUST BE SUBMITTED BY US MAIL, FAX, OR EMAIL BY NOVEMBER 30, 2020.

### CLASS COUNSEL CONTACT INFORMATION

JON M. EGAN, PC
547 Fifth Street
Lake Oswego, OR  97034-3009
Fax: (866) 311-5629
Email: info@eganlegalteam.com

## COFFEY V. MARINEPOLIS OPT-IN FORM

BY COMPLETING AND SIGNING THIS FORM, I AM OPTING INTO THE FLSA COLLECTIVE
ACTION PORTION OF THIS LAWSUIT.

NAME: _José Casillas-Don_

YEAR OF BIRTH: _███████ 1996_

LAST FOUR DIGITS OF SOCIAL SECURITY NUMBER: _0870_

SIGNATURE: _[signature]_

THIS FORM MUST BE SUBMITTED BY US MAIL, FAX, OR EMAIL BY NOVEMBER 30, 2020.

### CLASS COUNSEL CONTACT INFORMATION

JON M. EGAN, PC
547 Fifth Street
Lake Oswego, OR  97034-3009
Fax: (866) 311-5629
Email: info@eganlegalteam.com

### COFFEY V. MARINEPOLIS OPT-IN FORM

BY COMPLETING AND SIGNING THIS FORM, I AM OPTING INTO THE FLSA COLLECTIVE ACTION PORTION OF THIS LAWSUIT.

NAME: _Ngoc Nguyen_

YEAR OF BIRTH: _1994_

LAST FOUR DIGITS OF SOCIAL SECURITY NUMBER: _2530_

SIGNATURE: _Ngoc Nguyen_

THIS FORM MUST BE SUBMITTED BY US MAIL, FAX, OR EMAIL BY NOVEMBER 30, 2020.

### CLASS COUNSEL CONTACT INFORMATION

JON M. EGAN, PC
547 Fifth Street
Lake Oswego, OR  97034-3009
Fax: (866) 311-5629
Email: info@eganlegalteam.com

**COFFEY V. MARINEPOLIS OPT-IN FORM**

BY COMPLETING AND SIGNING THIS FORM, I AM OPTING INTO THE FLSA COLLECTIVE ACTION PORTION OF THIS LAWSUIT.

NAME: _Adrienne L. N. Fernandez_

YEAR OF BIRTH: _1996_

LAST FOUR DIGITS OF SOCIAL SECURITY NUMBER: _6262_

SIGNATURE: _Lebuff_

THIS FORM MUST BE SUBMITTED BY US MAIL, FAX, OR EMAIL BY NOVEMBER 30, 2020.

**CLASS COUNSEL CONTACT INFORMATION**

JON M. EGAN, PC
547 Fifth Street
Lake Oswego, OR  97034-3009
Fax: (866) 311-5629
Email: info@eganlegalteam.com

## COFFEY V. MARINEPOLIS OPT-IN FORM

BY COMPLETING AND SIGNING THIS FORM, I AM OPTING INTO THE FLSA COLLECTIVE ACTION PORTION OF THIS LAWSUIT.

NAME: Pedro Rivas Cruz

YEAR OF BIRTH: 1964

LAST FOUR DIGITS OF SOCIAL SECURITY NUMBER: 1858

SIGNATURE: Pedro Cruz

THIS FORM MUST BE SUBMITTED BY US MAIL, FAX, OR EMAIL BY NOVEMBER 30, 2020.

### CLASS COUNSEL CONTACT INFORMATION

JON M. EGAN, PC
547 Fifth Street
Lake Oswego, OR  97034-3009
Fax: (866) 311-5629
Email: info@eganlegalteam.com

BY COMPLETING AND SIGNING THIS FORM, I AM OPTING INTO THE FLSA COLLECTIVE ACTION PORTION OF THIS LAWSUIT.

NAME: _Sergio Fukuda_____

YEAR OF BIRTH: ____██___/1991_____

LAST FOUR DIGITS OF SOCIAL SECURITY NUMBER: _7463_____

SIGNATURE: _[signature]_____

THIS FORM MUST BE SUBMITTED BY US MAIL, FAX, OR EMAIL BY NOVEMBER 30, 2020.

## CLASS COUNSEL CONTACT INFORMATION

JON M. EGAN, PC
547 Fifth Street
Lake Oswego, OR  97034-3009
Fax: (866) 311-5629
Email: info@eganlegalteam.com

## COFFEY V. MARINEPOLIS OPT-IN FORM

BY COMPLETING AND SIGNING THIS FORM, I AM OPTING INTO THE FLSA COLLECTIVE ACTION PORTION OF THIS LAWSUIT.

NAME: _Tomas  Gonzalez  Salvador_

YEAR OF BIRTH: ███████  1973

LAST FOUR DIGITS OF SOCIAL SECURITY NUMBER: 7396

SIGNATURE: _____

THIS FORM MUST BE SUBMITTED BY US MAIL, FAX, OR EMAIL BY NOVEMBER 30, 2020.

### CLASS COUNSEL CONTACT INFORMATION

JON M. EGAN, PC
547 Fifth Street
Lake Oswego, OR  97034-3009
Fax: (866) 311-5629
Email: info@eganlegalteam.com

**COFFEY V. MARINEPOLIS OPT-IN FORM**

BY COMPLETING AND SIGNING THIS FORM, I AM OPTING INTO THE FLSA COLLECTIVE ACTION PORTION OF THIS LAWSUIT.

NAME:   Tracey Wallach

YEAR OF BIR       1991

LAST FOUR DIGITS OF SOCIAL SECURITY NUMBER:   2584

SIGNATURE:

THIS FORM MUST BE SUBMITTED BY US MAIL, FAX, OR EMAIL BY NOVEMBER 30, 2020.

**CLASS COUNSEL CONTACT INFORMATION**

JON M. EGAN, PC
547 Fifth Street
Lake Oswego, OR  97034-3009
Fax: (866) 311-5629
Email: info@eganlegalteam.com

**COFFEY V. MARINEPOLIS OPT-IN FORM**

BY COMPLETING AND SIGNING THIS FORM, I AM OPTING INTO THE FLSA COLLECTIVE ACTION PORTION OF THIS LAWSUIT.

NAME: Victor Issay Knight

YEAR OF BIRTH: ███████ 1997

LAST FOUR DIGITS OF SOCIAL SECURITY NUMBER: 3614

SIGNATURE: _____

THIS FORM MUST BE SUBMITTED BY US MAIL, FAX, OR EMAIL BY NOVEMBER 30, 2020.

**CLASS COUNSEL CONTACT INFORMATION**

JON M. EGAN, PC
547 Fifth Street
Lake Oswego, OR  97034-3009
Fax: (866) 311-5629
Email: info@eganlegalteam.com